**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff/Respondent, | **CR-15-11-GF-BMM** |
| vs. | **ORDER ADOPTING MAGISTRATE'S FINDINGS AND RECOMMENDATIONS** |
| TERRY MICHAEL CROFF, | |
| Defendant/Movant. | |

Defendant/Movant Terry Michael Croff ("Croff") filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (*See* Doc. 66.) His motion originally brought two claims, each alleging ineffective assistance of counsel. (*See* Doc. 67.) Croff first claimed that his counsel failed to inform him that he must keep discovery provided by the Government confidential and that failure resulted in him not receiving credit for acceptance of responsibility at sentencing. (Doc. 67 at 8-10.) Croff then claimed his counsel's failure to advise him about what he needed to tell the Government in exchange for a plea agreement resulted in Croff receiving a less favorable plea agreement. (*Id.* at 16-17.)

Magistrate Judge John Johnston issued Findings and Recommendations in which he recommended finding that Croff had waived his second claim while the first should be denied. (*See* Doc. 98.) Croff timely filed an objection, taking issue only with Judge Johnston's recommendation that the motion should be denied. (*See* Doc. 101.) Croff does not dispute that he waived one of his claims.

## Findings and Recommendations Standard of Review

The Court reviews *de novo* Findings and Recommendations to which a party timely objected. 28 U.S.C. § 636(b)(1). The Court reviews for clear error the portions of the Findings and Recommendations to which a party did not specifically object. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Where a party's objections constitute perfunctory responses argued in an attempt to engage the district court in a re-argument of the same arguments set forth in the original response, however, the Court will review for clear error the applicable portions of the Findings and Recommendations. *Rosling v. Kirkegard*, 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (internal citations omitted).

## Legal Framework

A movant must satisfy two criteria to prevail on an ineffective assistance of counsel claim. *See Strickland v. Washington*, 466 U.S. 668 (1984). First, the

movant must prove that their counsel's performance fell below an objective standard of reasonableness. *See id.* at 687-88. Second, the movant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

The Supreme Court has recognized a limited exception to the second prong of the *Strickland* analysis. *See Mickens v. Taylor*, 553 U.S. 162, 166 (2002). A defendant need not show prejudice if the ineffective assistance claim alleges a conflict of interest. Rather, the defendant need only show "that his counsel actively represented conflicting interests" and "that this adversely affected his counsel's performance." *Foote v. Del Papa*, 492 F.3d 1026, 1030 (9th Cir. 2007). The movant falls within this exception if he or she shows "that some plausible alternative defense strategy or tactic might have been pursued but was not and that the alternative defense was inherently in conflict with or not undertaken due to the attorney's other loyalties or interests." *Hovey v. Ayers*, 458 F.3d 892, 908 (9th Cir. 2006) (quoting *United States v. Wells*, 394 F.3d 725, 733 (9th Cir. 2005)).

## Discussion

Croff appears to object to three portions of Judge Johnston's Findings and Recommendations. Croff objects to Judge Johnston's application of *Strickland* and

3

failure to apply the conflicts of interest exception. (*See* Doc. 101 at 3-8, 10.) He also objects to Judge Johnston's Finding that Croff was subject to a ten-year mandatory minimum sentence due to his own decisions, not his counsel's. (*See id.* at 8-10.) Third, Croff objects to Judge Johnston's finding that a certificate of appealability does not prove warranted. (*See id.* at 11.) None of these objections provide a basis for rejecting Judge Johnston's Findings and Recommendations.

Croff's first objection stems from Judge Johnston's application of *Strickland'*s two-part test for showing ineffective assistance of counsel. Judge Johnston concluded that Croff had satisfied the first prong, but had not satisfied the prejudice prong. (*See* Doc. 98 at 11, 13.) Croff's attorney failed to heed warnings that she could not provide Croff with discovery marked sensitive unless she was present with Croff. (*Id.* at 10-11.) Counsel's error violated the first prong of *Strickland* according to Judge Johnston. (*Id.*) Croff failed to satisfy the prejudice prong of *Strickland*, however, because Croff's sharing of the discovery inappropriately provided to him with other people did not affect his sentence. (*Id.*at 13.) Rather, Croff's own actions resulted in his receiving the sentence he received.

Croff claims that Judge Johnston should have applied a limited exception to the prejudice prong as outlined in *Cuyler v. Sullivan*, 446 U.S. 335 (1980). This exception provides a lower bar for showing ineffective assistance of counsel. Croff

need only show "that some plausible alternative defense strategy or tactic might have been pursued but was not and that the alternative defense was inherently in conflict with or not undertaken due to the attorney's other loyalties or interests." *Hovey v. Ayers*, 458 F.3d 892, 908 (9th Cir. 2006) (quoting *United States v. Wells*, 394 F.3d 725, 733 (9th Cir. 2005)). Reviewing *de novo*, the Court finds that Judge Johnston applied the correct standard for evaluating Croff's claims.

Croff's second objection relates to the role his own actions played in the sentence that Croff received. Judge Johnston concluded that Croff was subject to a ten-year mandatory minimum sentence because of his own actions, not his counsel's. (Doc. 98 at 11.) Croff claims that his attorney's actions that violated an objective reasonableness standard "permate[] all actions that followed." (Doc. 101 at 8.) But, as the Government explains in its Response to Croff's objections, "Croff's denial of acceptance of responsibility is based on matters other than what he did with the discovery" that his counsel improperly provided to him without her supervision. (Doc. 104 at 4-5.) For the reasons stated by the Government in their response and by Judge Johnston, Croff's objection is denied.

Croff's third objection amounts to the conclusory statement that "reasonable jurists could disagree on whether counsel's actions arose to an actual conflict of

interest, and therefore, whether a presumption of prejudice applies." (Doc. 101 at 11.) Reviewing *de novo*, this objection is denied.

## ORDER

**IT IS ORDERED:**

1. Judge Johnston's Findings and Recommendations (Doc. 98) are **ADOPTED IN FULL**.

2. Defendant/Movant's motion to vacate, set aside, or correct the sentence (Doc. 66) is **DENIED.**

3. A certificate of appealability is **DENIED.**

4. The clerk is instructed to ensure all pending motions in this case and in CV-16-127-GF-BMM are terminated and to close the civil file by entering judgment in favor of the United States and against Croff.

    DATED this 20th day of November, 2019.

Brian Morris
United States District Court Judge